## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON LENZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-02255** |
| **PATRICIA LINN CARTER SCHERER** | **SECTION "O"** |

## <u>ORDER AND REASONS</u>

Before the Court in this architectural-barrier disability discrimination case is a motion[1] to dismiss pursuant to Rule 12(b)(6) and Rule 19 by Defendant Patricia Linn Carter Scherer. Plaintiff Jason Lenz opposes[2] the motion. For the following reasons, the motion is **DENIED**.

## I.    BACKGROUND

This disability-discrimination litigation arises from Jason Lenz's claim that he was not able to enter an ice cream shop on property owned by Patricia Scherer because he is in a wheelchair and there is a step-up into the shop with no ramp. Lenz plans to return to the shop but fears the same architectural barrier will prevent his entry. Because Scherer now moves to dismiss Lenz's complaint pursuant to Rule 12(b)(6) and (7),[3] the Court considers the following well-pleaded facts drawn from Lenz's complaint. *See generally Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 190 (5th Cir. 2009).

---

[1] ECF No. 5.
[2] ECF No. 7.
[3] Though Scherer does not reference Rule 12(b)(7), she invokes Rule 19. A Rule 12(b)(7) motion is a motion for failure to join a party under Rule 19.

Lenz is an amputee who moves around by wheelchair.[4] Scherer owns the property and improvements at 195 West Pine Street in Ponchatoula, where an ice cream and sweets shop currently operates (the "Shop").[5]

To enter the Shop, patrons must be able to step up—there is no ramp.[6] In July 2024, Lenz and his family visited the Shop to eat ice cream, and Lenz desires to visit the Shop again in the future.[7] However, during the prior visit to the Shop, Lenz was not able to go inside the Shop with his wife and children due to his inability to traverse the step-up and the absence of any ramp for individuals like Lenz in wheelchairs.[8] Despite his desire to visit the Shop, which is just eight miles from his house, Lenz alleges that he "will continue to experience serious difficulty due to the step-up into the [Shop] with no ramp, which is still the case" on the property.[9]

Given his fears that he will encounter the same step-up barrier to accessing the Shop, Lenz sued Scherer for violating Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. 36.02 *et seq.* (the "ADA"), and the Louisiana Commission on Human Rights, La. R.S. 51:2231 *et seq.* (the "LCHR").

In his first claim, Lenz alleges that Scherer is responsible for the barrier, is in violation of Title III of the ADA, and is discriminating against Lenz due to the step-up barrier preventing his entrance to the Shop and due to other mobility-related ADA barriers that may be identified following an inspection. Lenz alleges that the Shop is

---

[4] ECF No. 1 ¶ 6.
[5] *Id.* ¶ 8.
[6] *Id.* ¶ 17.
[7] *Id.* ¶¶ 15, 17.
[8] *Id.* ¶ 17.
[9] *Id.* ¶¶ 18-20, 22.

a place of public accommodation, subject to the ADA, and that all barriers to access and ADA violations still exist and have not been remedied, despite that removal of the ADA barriers is readily achievable, reasonably feasible, and easily accomplished without undue burden on the property's owner, Scherer.[10]

In his second claim, Lenz alleges that the LCHR applies to Scherer's conduct (failure to remove the step-up barrier and/or provide a ramp), that the Shop on Scherer's property qualifies as a place of public accommodation, and that Lenz has experienced substantial limitations on major life activities, including walking, and uses a wheelchair for mobility, such that he is an individual with a disability as defined by La. R.S. § 51:2232(3)(a). Lenz alleges that Scherer has discriminated against Lenz on the basis of his disability and Lenz deems himself to be injured within the meaning of La. R.S. § 51:2264.[11]

As relief from Scherer's alleged ADA and LCHR violations, Lenz requests that the Court: (i) declare that the Shop premises, owned by Scherer, is in violation of the ADA and LCHR; (ii) enter an order directing Scherer to alter the Shop premises to make it accessible to and usable by individuals with mobility disabilities to the full extent required by the ADA and LCHR; (iii) award damages to Plaintiff under La. R.S. 51:2264 for Scherer's LCHR violation; and (iv) award reasonable attorneys' fees, costs, and other expenses under the ADA and LCHR.[12]

---

[10] *Id.* ¶¶ 21-25.
[11] *Id.* ¶¶ 26-32.
[12] *Id.* ¶¶ 24-25, 33-34; and p. 6.

Scherer now moves to dismiss Lenz's claims for disability discrimination for failure to state a claim and, alternatively, for failure to join what Scherer concludes are additional owners and other "interested" parties.[13]

## II.    LAW AND ANALYSIS

Scherer moves to dismiss Lenz's complaint pursuant to Rule 12(b)(6) and (b)(7). Her motion must be denied for several reasons. First, insofar as Scherer relies on purported facts nowhere alleged in the complaint in urging the Court to dismiss Lenz's claims, her motion is a nonstarter. Second, confined to the complaint's well-pled allegations, Lenz alleges facts that, if proved, entitle him to relief under the ADA and the LCHR. Third, the Court is left to speculate as to whether there may be additional parties that should be joined as "required" parties under Rule 19(a), and thus Scherer fails to carry her burden under Rule 19. Finally, even if Scherer had supported her request for relief under Rule 19 with competent evidence and had carried her initial burden to show that any of the individuals or municipal entities she suggests should be joined are indeed "required" parties, then Scherer's request for *dismissal* is nevertheless without merit. There is no indication that there is any impediment to joining additional parties; as such, dismissal of Lenz's lawsuit for failing to join such parties would be unwarranted.

---

[13] ECF No. 5.

### A. Rule 12(b)(6) Motion to Dismiss for Failure to State a Plausible Claim for Relief

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023) (cleaned up).

5

In resolving a motion to dismiss, the Court is generally "limited to the contents of the pleadings, including any attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation omitted). However, there are two limited exceptions to this general rule in which the Court may rely on evidence beyond the complaint without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2014)). First, the Court "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced [or incorporated] in the complaint.'" *See PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Doe v. Ferguson*, 128 F.4th 727, 733-34 (5th Cir. 2025) (citation omitted); *see also Edmiston v. Borrego*, 75 F.4th 551, 557-58 (5th Cir. 2023) (citations omitted). Second, the Court may consider "a matter subject to judicial notice under Federal Rule of Evidence 201." *George*, 36 F.4th at 619.

If the Court considers materials outside the pleadings, the motion to dismiss must be converted into a motion for summary judgment. *See* FED. R. CIV. P. 12(d); *see also Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir. 2004). If conversion to summary judgment is appropriate, the Court must notify the parties, then consider all evidence presented. *See* FED. R. CIV. P. 12(d); *see also Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

Scherer's arguments advocating dismissal rely on information that is not referenced in the complaint. And Scherer fails to attach anything to her motion which might fall within the limited exceptions for consideration on a motion to dismiss. For these and additional reasons, Scherer fails to persuade the Court that dismissing Lenz's complaint is warranted.

### 1. ADA Title III Architectural-Barrier Disability Discrimination

To address and redress discrimination against individuals with disabilities, Congress passed the ADA. *See* 42 U.S.C. § 12101(b) (articulating the ADA's purpose "(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.").

Title III of the ADA forbids discrimination against individuals with disabilities in privately owned places of public accommodation; the general rule provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns,

7

leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §
12182(a). Among the places constituting "public accommodation" is any privately
owned facility whose operations affect commerce falling within at least one of 12
broad categories, including establishments serving food or drink and sales or rental
establishments. *See* 42 U.S.C. § 12181(7)(B), (E).

To help enforce the public accommodations provisions, the ADA provides for a
private right of action by "any person who is being subject to discrimination on the
basis of disability." 42 U.S.C. § 12188(a)(1). Only injunctive relief and attorney's fees
are available to private litigants. *See id.*; *see also Perez v. Drs. Hosp. at Renaissance,
Ltd.*, 624 F. App'x 180, 183 (5th Cir. 2015). The Court may award attorney's fees to
the prevailing party. *Deutsh v. Jesus Becerra, Inc.*, 668 F. App'x 569, 570 (5th Cir.
2016) (citing 42 U.S.C. § 12205 and noting that the ADA authorizes an award of
attorney's fees "but does not specify when such an award is appropriate").

Accordingly, to state a claim under Title III, the plaintiff must allege (1) that
he is disabled as defined by the ADA; (2) that the defendant owns, leases, or operates
a place of public accommodation; and (3) that the defendant discriminated against
the plaintiff by denying him full and equal enjoyment of public accommodations
because of his disability. *See George v. Hobby Lobby Stores, Inc.,* 769 F. Supp. 3d 537,
545 (E.D. La. 2025) (Ashe, J.) (citations omitted); *Rosa v. 600 Broadway Partners*,
LLC, 175 F. Supp. 3d 191, 198-99 (S.D. N.Y. 2016) (citing *Camarillo v. Carrols Corp.*,
518 F.3d 153, 156 (2d Cir. 2008)).

To ensure that disabled individuals have complete access to goods and services, Title III specifically prohibits one type of discrimination: "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Lenz brings his claim under this architectural barrier provision of Title III. With respect to architectural barriers, discrimination *also* includes the following: "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9). Notably "subsections 12182(b)(2)(A)(iv) and (v)—which, read together, require the removal of an architectural barrier unless such removal is not readily achievable—place the ultimate burden on the defendant to prove the affirmative defense that removal of an architectural barrier is not readily achievable." *See Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1036 (9th Cir. 2020) (citation omitted).

Lenz states a plausible claim under Title III of the ADA. First, by alleging that he is an amputee who uses a wheelchair to ambulate, Lenz alleges that he is disabled as defined by the ADA. Second, by alleging that Scherer owns the premises comprising the Shop, which is a privately owned facility selling and serving the public food and drink (*e.g.,* ice cream), Lenz alleges that Scherer owns a place of public accommodation subject to Article III's architectural-barrier provision. Third, by

alleging that a step-up prevents his entrance to the Shop, which likewise has no ramp for his wheelchair, Lenz alleges that Scherer discriminated against him by denying him equal access to public accommodations—failing to remove an architectural barrier—because of his disability.

That Lenz states a plausible claim is compelled by the short, plain statement of facts alleged in his complaint. Scherer offers three points of resistance to this conclusion. None persuades.

First, as Scherer sees it, "the sole issue of contention that remains is whether, as a matter of law, the absence of a wheelchair ramp on a historic property that serves the general public constitutes discrimination."[14] Rather than contending with the facts as Lenz alleges them or the law as summarized above, Scherer lodges a policy objection to Title III's architectural barrier law, deeming it "an indulgence" that must yield to the expense that would be incurred in reconstructing historic buildings.[15] This contention has no bearing on Lenz's plausible ADA claim.

Second, Scherer contends that Lenz failed to make a pre-suit request for reasonable accommodation that would be necessary to accommodate his disability. Had he made such a request, Scherer contends, Lenz would have discovered "it is the custom and practice of the [Shop's] operators . . . to manually assist individuals in wheelchairs over the steps and into the store."[16] Scherer also contends that the Shop's

---

[14] ECF No. 5-1 at 8.

[15] *Id.* at 8 ("Respectfully, although being able to freely access the small pleasures of life should be readily available to all, that indulgence cannot impose upon our citizens the burden to reconstruct a 116 year old historically protected building in such a way that would effectively force its closure.").

[16] *Id.* at 9.

operators provide wheelchair users an accommodation that puts them "on equal footing with non-disabled patrons" by "making their service, the provision of ice cream, available to all via their service window and outdoor seating and customer service."[17] Putting aside that the Court is precluded from considering these purported (unsworn and unsupported) "facts" pertaining to the Shop's custom and practices that are not alleged in the complaint, the architectural-barrier provision under which Lenz filed suit has no notice requirement that a disabled individual, before filing suit, must first request a reasonable modification. *Compare* 42 U.S.C. § 12182(b)(2)(A)(ii) (distinct form of discrimination concerning reasonable modifications in policies, practices, or procedures, cited by Scherer) *with* § 12182(b)(2)(A)(iv) (architectural-barrier discrimination provision predicating Lenz's claim). Lenz has alleged discrimination in the form of architectural barriers, not modifications in policies, practices, or procedures. Scherer's reliance on the wrong ADA provision has no bearing on Lenz's ability to state an architectural-barrier disability-discrimination claim.

Third, Scherer contends that Lenz fails to "show" that removing the architectural barriers are "readily achievable." Though this argument is at least tethered to the architectural-barrier provision at issue in this litigation, Scherer's argument falls short of supporting dismissal for failure to state a plausible claim. Again, from a factual standpoint, Scherer focuses on facts nowhere alleged in the complaint. Scherer submits that "[c]reating a wheelchair accessible entrance is a

---

[17] *Id.* at 10-12.

major undertaking that was previously considered but, upon information and belief, was not deemed feasible or permissible and the window service point was installed instead. The building produces a reasonable commercial rent for a small town of less than 8,000 and supports a widow, as owner, and a young family that has operated the single member LLC ice cream store for less than a year[.]"[18] If indeed Scherer has evidence to support her assertions, she will have the opportunity to support a defense on summary judgment or at trial. But this is the pleadings stage.

Scherer argues, as a matter of law, Lenz must "show[] how the cost of removing the architectural barriers at issue does not exceed the benefits under the circumstances[.]"[19] Scherer's assertion is well taken insofar as it goes. But Scherer oversimplifies the issue and misapprehends the appropriate inquiry at this stage of litigation. To be sure, Lenz will bear the initial burden of showing that the barrier removal is readily achievable; however, the case Scherer invokes to support her argument regarding Lenz's initial burden makes clear that the "readily achievable" feature of architectural-barrier disability discrimination cases "place[s] the ultimate burden on the defendant to prove the affirmative defense that removal of an architectural barrier is not readily achievable[.]" *See Lopez*, 974 F.3d at 1036 (citation omitted). More critically, the Ninth Circuit in *Lopez* considered the burden-shifting framework governing whether a proposed barrier modification or removal is "readily achievable" at the merits—not the pleadings—stage. *See id.* (reversing grant of summary judgment in favor of operator); *see also Harty v. Nem Limited Partnership*,

---

[18] *Id.* at 10.
[19] *Id.* and n.23.

554 F. Supp. 3d 715, (E.D. Pa. 2021) (granting summary judgment in plaintiff's favor, observing that the plaintiff's expert "identified readily achievable methods of barrier removal that do not have excessive costs"). Indeed, as defined, "readily achievable" is an inherently relative and thus fact-based determination. 42 U.S.C. § 12181(9) (defining "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense"). Scherer offers no support for imposing at the pleadings stage and before discovery a requirement that Lenz "show" that removal of the architectural barrier is readily achievable.

### 2.  The Louisiana Commission on Human Rights

The LCHR states that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement, as defined in this Chapter, on the grounds of . . . disability." La. R.S. § 51:2247. "Disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of the individual, a record of such impairment, or being regarded as having such an impairment." *Id.* § 51:2232(3)(a). Subsection (5) defines "discriminatory practices in connection with public accommodations" as any "practice of exclusion, distinction, restriction, . . . or any other act or practice of differentiation or preference in treatment of a person . . . because of . . . disability[.]" *Id.* § 51:2232(5). Intentional discrimination need not be alleged or proved to prevail under the LCHR. *See Smith v. France*, 850 F. App'x 243, 248-49 (5th Cir. 2021) (guided by ADA Title III in *Erie* guess that the LCHR does not

13

require a plaintiff alleging public accommodation discrimination to show intentional discrimination). Any person injured by a violation of the act has a civil cause of action to enjoin further violations and recover actual damages. *Id.* § 51:2264.

For the same reasons Lenz has stated a plausible ADA claim, Lenz states a claim under Louisiana's disability discrimination law, the LCHR. Lenz alleges that his physical impairment (amputated limb) substantially limits a major life activity (walking) and that the Shop on the premises owned by Scherer discriminated against him because of that disability, preventing him from equal enjoyment of the Shop's goods and services due to the step-up at the entrance of the Shop, which prevents him from entering and enjoying equal access to the Shop.

Having determined that Lenz has stated plausible claims, the Court turns to consider Scherer's alternative ground for dismissal: whether Lenz's failure to name other parties nevertheless compels dismissal of his lawsuit.

## B. Rule 12(b)(7) Motion to Dismiss for Failure to Join Required Parties under Rule 19

When the plaintiff fails to join a "required" party under Rule 19, Rule 12(b)(7) allows for dismissal of the lawsuit. For dismissal to be the remedy, however, joinder of any required party must not be feasible.

Scherer has not shown that dismissal of this case would be warranted even if she could show that additional parties should be joined. For dismissal to be appropriate, it is necessary but not sufficient to show that absent parties are required. Considering that this Court's subject matter jurisdiction arises under a federal law, and not diversity jurisdiction, it is unclear why Scherer invokes Rule 19.

14

Procedural context illustrates why dismissal is unavailable to Scherer here. Rule 12(b)(7) allows for dismissal of a lawsuit when the plaintiff fails to join a party under Rule 19. With respect to Rule 19, the Fifth Circuit has observed:

> A basic tenet of civil procedure states that, as the master of its complaint, a plaintiff has the right to choose the parties to a lawsuit. A notable exception to this principle comes from Federal Rule of Civil Procedure 19, which allows federal courts to dismiss a case in the absence of "required" parties—those whose presence is required to protect their interests or to protect the existing parties from duplicative litigation or inconsistent obligations.

*PHH Mortgage Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 557-58 (5th Cir. 2023). Rule 19 sets forth a two-part inquiry. First, the Court asks whether the absent is "required" under subsection (a). *Id.* at 560. If so, and "[i]f the required party cannot be joined without destroying subject-matter jurisdiction," then the Court "turn[s] to Rule 19(b)" to ask (second) "whether that party is indispensable; that is, 'whether litigation can be properly pursued without the absent party.'" *Id.* (citations omitted). Only if the absent party is required and indispensable is dismissal considered, much less required. *See id.* at 560-61.

Under Rule 19(a), "[t]here are three types of 'required' parties: (1) parties needed to give complete relief to the existing parties; (2) parties who claim interests which could be practically impaired or impeded if not joined; and (3) parties necessary to ensure that existing parties are not exposed to multiple or inconsistent obligations[.]" *Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 265-66 (5th Cir. 2022) (cleaned up) (citing Fed. R. Civ. P. 19(a)(1)(A), (a)(1)(B)(i), and (a)(1)(B)(ii)). The Rule 12(b)(7) movant "starts with . . . [t]he burden of proof[,]" which shifts to the

nonmovant "to dispute th[e] 'initial appraisal' of the facts . . . if at first glance it appears a 'possibly necessary party is absent[.]" *Id.* at 266 (citing *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)).

If it is shown that an absent party is "required" under Rule 19(a), but joinder would destroy diversity of citizenship, then the Court turns to the factors outlined in Rule 19(b), which inform whether the Court may, in equity and good conscience, either continue without the absent party or dismiss the litigation. *Id.* (citations omitted). Balancing the Rule 19(b) factors "is highly case-specific, requiring a 'flexible and pragmatic' evaluation of the facts." *Id.* "The Rule 19 framework ultimately requires a fact-based analysis that is controlled by 'pragmatic concerns,' with a particular emphasis on the effect on the parties and on the litigation." *See PHH Mortgage Corp.*, 80 F.4th at 560-61 (citation omitted).

Scherer's Rule 12(b)(7) ground for dismissal fails at all levels of this analysis. Not only does Scherer fail to carry her initial burden of demonstrating that absent parties are required, the Court need not determine whether to proceed with the litigation or dismiss the lawsuit because if any of the absent parties Scherer suggests should be joined are indeed joined, Scherer fails to indicate why Lenz's lawsuit could not proceed.

As a threshold matter, the Court is again faced with Scherer's reliance on materials beyond the pleadings, without actually submitting any supporting materials. Scherer provides no factual material to support her mere assertions that there are other premises "owners of record" and additional "interested parties"

16

(including the Shop lessee and a municipal entity that regulates structural modifications to commercial and historic properties), all of whom Scherer concludes should be named as defendants. But, without concrete factual material supporting these bare theoretical assertions, the Court is unable to consider whether such parties would qualify as "required" under Rule 19(a). Scherer thus fails to carry her initial burden. The Court nevertheless attempts to address Scherer's contention that absent parties should be joined.

Title III of the ADA forbids discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Lenz sued Scherer as owner of the premises. Scherer does not dispute that she owns the premises, but she hedges whether she is the only responsible party, suggesting that, additionally, there are two naked owners of the other one-half of the premises over which she is the usufructuary for her life.[20]

Scherer has not demonstrated that the naked owners are legally obligated, or even permitted to make whatever alterations to the Shop might be ordered if Lenz succeeds in proving his claims. Even if the Court took judicial notice of the ownership structure "facts," as asserted by Scherer, the Louisiana Civil Code articles she herself invokes defeat her contention that responsibility is shared. To be sure, it is "[t]he

---

[20] Scherer offers no support for her insinuation that the lessee Shop operator is a required party. That is, she references no lease provision that places responsibility on Scherer's lessee to make improvements or Title III compliance renovations. Even if she did offer factual material to assist the Court in its fact-based Rule 19 endeavor, again, the Court could not consult such extra-pleading material at this stage of the proceedings. Likewise, Scherer's passing suggestion that the municipal entity that regulates or oversees commercial renovations is a required party under Rule 19(a) is even more attenuated. Scherer does not indicate that any municipal entity "owns, leases, or operates" the Shop on the premises, and thus no such entity could be responsible for discrimination according to the text of Title III. *See* 42 U.S.C. § 12182(a).

usufructuary [who] is answerable for all expenses that become necessary for the preservation and use of the property after the commencement of the usufruct." La. C.C. Art. 581. Furthermore, as Lenz points out, it is Scherer—as owner of one-half and as usufructuary of the other one-half of the premises—whom the Louisiana Civil Code confers responsibility for ordinary repairs and necessary expenses. *See* La. C.C. Arts. 577 ("The usufructuary is responsible for ordinary maintenance and repairs for keeping the property subject to the usufruct in good order, whether the need for these repairs arises from accident or force majeure, the normal use of things, or his fault or neglect. The naked owner is responsible for extraordinary repairs, unless they have become necessary as a result of the usufructuary's fault or neglect in which case the usufructuary is bound to make them at his cost."); *see also* La. C.C. Art. 578 ("Extraordinary repairs are those for the reconstruction of the whole or of a substantial part of the property subject to the usufruct. All others are ordinary repairs."). Under the Louisiana Civil Code, the naked owner(s), on the other hand, have no power to make alterations or improvements so long as Scherer is usufructuary. *See* La. C.C. Art. 606 (providing that "[t]he naked owner may not make alterations or improvements on the property subject to the usufruct").

Scherer fails to carry her initial burden in showing that any of the absent parties are "required" to be joined in this litigation under Rule 19(a). Her Rule 12(b)(7) dismissal ground may be rejected on this basis alone. But insofar as she advocates for dismissal, her motion fails for an additional—and more fundamental—reason. Lenz invoked the Court's federal-question jurisdiction: his case arises under

Title III of the ADA. Accordingly, there is no concern that joinder of any conceivably required party would deprive the Court of subject matter jurisdiction. As such, Scherer's proffered remedy of *dismissal* of Lenz's lawsuit is not viable.

As Lenz points out, Scherer herself could seek leave to join any party she believes is required. Furthermore, even if Scherer later attempts to re-urge a Rule 19 motion (and discharges her initial Rule 19(a) burden), Scherer fails to suggest why she would be entitled to *dismissal* as the remedy for nonjoinder. Only if joinder would be infeasible is dismissal an available remedy. *See* FED. R. CIV. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."). Scherer fails to suggest how additional parties are required, much less why this case cannot proceed among the existing parties and/or with joinder of any other parties. Her Rule 12(b)(7) motion must be rejected.

## III.  CONCLUSION

**IT IS ORDERED** that Defendant's motion[21] to dismiss pursuant to Rule 12(b)(6) and Rule 19 is **DENIED**.

New Orleans, Louisiana, this 29th day of September, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[21] ECF No. 5.